# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

JAIME ANGUIANO and
JULIO MONTES DE OCA

**FILED**

FEB 2 0 2008  NH

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

**MAGISTRATE JUDGE NOLAN**

CRIMINAL COMPLAINT

CASE NUMBER: **08CR 0143**

I, Ebony Ploessl, being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __February 17__ in __Cook__ county, in the __Northern__ District of __Illinois__ defendants, JAIME ANGUIANO and JULIO MONTES DE OCA,

knowingly and intentionally possessed with intent to distribute a controlled substance, namely in excess of 100 kilograms of mixtures containing marijuana, a Schedule I Narcotic Drug Controlled Substance,

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__.

I further state that I am a(n) Special Agent with the United States Immigration and Customs Enforcement and that this complaint is based on the following facts:

See attached affidavit

Continued on the attached sheet and made a part hereof: _X_ Yes  ___No

_____Ebony Ploessl_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

February 20, 2008                    at Chicago, Illinois
Date                                 City and State

Nan Nolan, U.S. Magistrate Judge     _____Nan R. Nolan_____
Name & Title of Judicial Officer     Signature of Judicial Officer

STATE OF ILLINOIS      )
                       )   SS
COUNTY OF COOK         )

## AFFIDAVIT

I, Ebony Ploessl, first being duly sworn, state the following under oath:

1. I am a Special Agent with the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"). As such, I am an "investigative or law enforcement officer" investigating criminal violations of the federal immigration and narcotics laws, including, but not limited to Title 21, United States Code, Sections 841, 843, 846, and 848. I have received specialized training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. I have been employed by ICE since approximately November 2003, and I am currently assigned to the Narcotics Group within ICE and have been so since November 2007.

2. This affidavit is based on my personal knowledge, training and experience, as well as information obtained from documents and other law-enforcement officials. This affidavit is being submitted for the limited purposes of establishing probable cause for a criminal complaint against JAIME ANGUIANO and JULIO MONTES DE OCA. Accordingly, this affidavit does not contain all of the information known to me or other law-enforcement officers regarding this investigation. Where statements of others are set forth, they are set forth in summary and in part.

### BACKGROUND OF THE INVESTIGATION

3. On February 8, 2008, Customs and Border Protection ("CBP") officers at the International Port of Entry, World Trade Bridge, in Laredo, Texas observed a

1

Chevrolet box truck bearing a Mexican registration 939DK4 (the "Chevrolet Truck") attempting to enter the United States. CBP officers searched the Chevrolet Truck and found 135 boxes of decorative figurines (the "Subject Cargo").

4. CBP officers then sent the Subject Cargo through an X-ray examination, which revealed anomalies in the images. In particular, the CBP officers determined, based on training and experience, that the X-ray images were consistent with the Subject Cargo containing narcotics. CBP officers probed selected figurines from the Subject Cargo and recovered a green leafy substance, which field tested positive for marijuana.

5. As part of its investigation, with the cooperation of ABF, ICE undercover agents made a controlled delivery of the Subject Cargo to 12010 Aero Drive, Plainfield, Illinois 60585 on February 13, 2008, at approximately 12:56 p.m. The Subject Cargo was unloaded into the third warehouse unit from the west at 12010 Aero Drive, Plainfield, Illinois 60585.

6. On February 17, 2008, at approximately 9:15 a.m., ICE agents observed two individuals, later identified as JAIME ANGUIANO and JULIO MONTES DE OCA, approach the third warehouse unit from the west at 12010 Aero Drive, Plainfield, Illinois. ICE agents observed the two individuals load numerous boxes from the Subject Cargo into a U-Haul truck (the "Subject Truck").

7. The two individuals left 12010 Aero Drive, Plainfield, Illinois in the Subject Truck at approximately 9:37 a.m. ICE agents followed the Subject Truck.

8. At approximately 10:15 a.m., ICE agents observed the Subject Truck in the vicinity of 2922 W. 25th Street. ICE agents then observed ANGUIANO and MONTES drive the Subject Truck around the block several times and then park the

2

Subject Truck on Sacramento Avenue between 25th Street and 26th Street. ANGUIANO and MONTES then exited the truck and walked in opposite directions.

9. At approximately 11:05 a.m., ICE agents observed MONTES pick up ANGUIANO in the vicinity of 25th Street and Sacramento Avenue in a Chevrolet Astro van.

10. MONTES and ANGUIANO were taken into custody shortly thereafter.

11. ICE agents then went back to the Subject Truck and recovered approximately 70 boxes from the Subject Cargo. ICE agents later opened the figurines contained in the 70 boxes and the 65 boxes remaining in the warehouse and recovered well over 500 kilograms of marijuana.

### ANGUIANO'S STATEMENT

12. After ICE agents advised ANGUIANO of his *Miranda* rights, ANGUIANO signed a waiver-of-rights form and agreed to answer questions.

14. While talking with ICE agents, ANGUIANO admitted that he had agreed to pick up the boxes contained in the Subject Truck and deliver them to a warehouse in Chicago. In addition, ANGUIANO admitted that he knew the boxes in the Subject Truck contained marijuana. ANGUIANO also told ICE agents that he was supposed to receive $2,000 for the job.

15. Further, ANGUIANO told ICE agents that, on February 16, 2008, ANGUIANO and MONTES met with two unknown males, Individual A and Individual B, in the vicinity of 59th Street and Western Avenue. According to ANGUIANO, during this meeting, Individual A gave MONTES a bag containing an unknown amount of cash.

16. According to ANGUIANO, later on that same night (February 16, 2008),

ANGUIANO and MONTES met with Individual C in the parking lot of a department store in the proximity of Route 59 and 119th Street and MONTES gave Individual C the bag containing the cash, which he had received earlier that night from Individual A.

## MONTES'S STATEMENT

17. After ICE agents advised MONTES of his *Miranda* rights, MONTES signed a waiver-of-rights form and agreed to provide a statement.

18. While talking with ICE agents, MONTES admitted that he had agreed to pick up the boxes contained in the Subject Truck and deliver them to a warehouse in Chicago. In addition, MONTES admitted that he knew the boxes in the Subject Truck contained marijuana. Further, MONTES admitted that he received approximately $20,000 cash from Individual A on February 16, 2008, which he subsequently delivered to Individual C. MONTES also told ICE agents that he was supposed to receive $1,500 for the job. MONTES initially stated that ANGUIANO was supposed to pay the $1,500; later MONTES said that another individual was supposed to pay the $1,500.

## CONCLUSION

19. Based on the above, Affiant respectfully submits that there is probable cause to believe that ANGUIANO and MONTES violated Title 21, United States Code, Section 841(a)(1).

4

FURTHER AFFIANT SAYETH NOT.

_____
Ebony Ploessl, Special Agent
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

Subscribed and sworn to before me
this 20th day of February, 2008

_____
NAN NOLAN
U.S. Magistrate Judge

5